**Maria Fe GARCIA APOSTOL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,\* Respondent.**

No. 03–71834.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2005.\*\*

Decided March 15, 2005.

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Juliana L. Butler, Reeves & Associates, Pasadena, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Thomas W. Hussey, Esq., Isaac R. Campbell, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BRUNETTI, SILVERMAN, and TALLMAN, Circuit Judges.

### MEMORANDUM ***

Maria Fe Garcia Apostol, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") decision, which found her removable as charged and denied both waiver of removal and voluntary departure. Because the parties are familiar with the facts, we recite them only as necessary for our decision.

### I.

■ On appeal, it is somewhat unclear whether Apostol challenges (on the ground of legal impossibility) her removability in the first instance, or rather, whether she argues only that the BIA failed to sufficiently consider her legal impossibility argument in exercising its discretion on her waiver application. In any event, she has failed to exhaust the former claim by not raising it before the BIA. Apostol's BIA brief argued for reversal of only the IJ's decisions to deny waiver of removal and voluntary departure, and on just two grounds: (1) that she was denied her due process right to a full and fair hearing; and (2) that the IJ abused his discretion.

*** This disposition is not appropriate for publication and may not be cited to or by the

While that brief noted in passing that "[Apostol] had argued against removability, in that it was legally impossible for her to have committed fraud," it raised no challenge to the IJ's finding on that score.

An alien must exhaust her administrative remedies prior to seeking review of a removal order. "Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." *Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir. 1994); *see also Vargas v. U.S. Department of Immigration*, 831 F.2d 906, 907–08 (9th Cir.1987); 8 U.S.C. § 1252(d)(1). Accordingly, to the extent Apostol challenges (on the ground of legal impossibility) the IJ's determination that she was removable as charged, her failure to raise this claim before the BIA operates as a waiver of her administrative remedies, and deprives us of jurisdiction to address it.

### II.

Apostol's remaining claims challenge only the denial of her application for a waiver of removability under INA § 237(a)(1)(H). She raises three due process challenges: (1) that the BIA did not "sufficiently consider" her legal impossibility argument in exercising its discretion; (2) that the IJ's hostile manner denied her a full and fair hearing; and (3) that the BIA's interpretations of *INS v. Yang*, 519 U.S. 26, 117 S.Ct. 350, 136 L.Ed.2d 288 (1996), and *In re Tijam*, 22 I. & N. Dec. 408 (BIA 1998), were erroneous and caused it to improperly exercise its discretion.

■ We retain jurisdiction to review constitutional claims, "even when those

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

claims address a discretionary decision." *Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004 (9th Cir.2003). However, due process claims must be "colorable," and "abuse of discretion claims recast as due process violations do not constitute colorable due process claims over which we may exercise jurisdiction." *Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001).

Apostol's third due process claim, alleging that the BIA misapplied case law, is not colorable and constitutes an abuse of discretion claim recast as a due process violation. *See id.* (holding that petitioner's "allegation that the BIA's misapplication of relevant case law denied her due process" is an "abuse of discretion claim[ ] recast as [a] due process violation[ ]"); *Torres–Aguilar v. INS,* 246 F.3d 1267, 1270–71 (9th Cir.2001) (rejecting the claim that the BIA's "misapplication of case law" governing its analysis of extreme hardship "is a legal error unrelated to an exercise of discretion"). Therefore, we lack jurisdiction to consider it.

To prevail on her remaining due process claims, Apostol "must show error and substantial prejudice." *Larita–Martinez v. INS,* 220 F.3d 1092, 1095 (9th Cir.2000). The prejudice showing "is essentially a demonstration that the alleged violation affected the outcome of the proceedings; we will not simply presume prejudice." *Id.*

■ As to Apostol's argument that the BIA failed to sufficiently consider her legal impossibility argument in its discretionary denial of her application for a waiver of removal, she fails to make out a due process error. Although the due process requirement of a full and fair hearing requires the BIA to review all relevant evidence submitted on appeal, an alien "attempting to establish that the [BIA] violated his right to due process by failing to consider relevant evidence must overcome the presumption that it did review the evidence." *Id.* at 1095–96. Here, the BIA's decision clearly states that it reviewed, and found unpersuasive, Apostol's legal impossibility argument, and there is no authority to indicate that the BIA, in exercising its discretion, is precluded from considering her subjective intent to deceive immigration officials.

■ Finally, Apostol's argument that the IJ's hostile manner denied her the due process rights to a full and fair hearing and an impartial adjudicator fails because she has not demonstrated prejudice. Thus, while the record clearly reveals that, regrettably, the IJ treated Apostol with disrespect and even derision, we need not decide whether his conduct rises to the level of due process error. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (requiring a showing that the hearing was "so fundamentally unfair that the alien was prevented from reasonably presenting his case"). Although, to show prejudice, we do not always require an explanation of "exactly what evidence" a petitioner would have presented, we do require at least *some* indication of what a petitioner would have sought to establish had she been allowed to fully present her case. *See id.* at 972. Here, however, Apostol points to no evidence or argument that she was unable to present to the IJ; rather, she simply intimates that the IJ should have exercised his discretion differently. This mere suggestion is inadequate to demonstrate prejudice. Furthermore, in affirming the IJ's decision, the BIA independently weighed the equities and agreed that Apostol did not merit a discretionary waiver of removal.

**PETITION DISMISSED IN PART AND DENIED IN PART.**