**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORENA ESPINOZA AGUILAR, AKA Lorena Espinoza Andrade, | No. 17-70260 |
| Petitioner, | Agency No. A208-309-187 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 11, 2019
Pasadena, California

Before: BOGGS,** BEA, and HURWITZ, Circuit Judges.

Lorena Espinoza Aguilar, a native and citizen of Mexico, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") dismissing an appeal

from an order of an Immigration Judge ("IJ") denying asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition.

1.     The IJ refused to review the documents that Espinoza proffered at her hearing, simply assuming that they only showed that "Mexico has a lot of crime." We assume arguendo that Espinoza, who appeared pro se and was detained at the time of her hearing, was thereby denied a reasonable opportunity to present evidence on her behalf. *See* 8 U.S.C. § 1229a(b)(1), (4)(B); *Jacinto v. INS*, 208 F.3d 725, 727-28 (9th Cir. 2000). But, even assuming a due process violation, Espinoza must establish prejudice from the exclusion of evidence to obtain relief. *See Gomez-Velazco v. Sessions*, 879 F.3d 989, 993 (9th Cir. 2018). Espinoza makes no argument about what the documents contained and never suggests what relevant fact they would have established had the IJ admitted them. "Although, to show prejudice, we do not always require an explanation of 'exactly what evidence' a petitioner would have presented, we do require at least *some* indication of what a petitioner would have sought to establish had she been allowed to fully present her case." *Garcia Apostol v. Gonzales*, 126 F. App'x 818, 821 (9th Cir. 2005) (quoting *Colmenar v. INS*, 210 F.3d 967, 972 (9th Cir. 2000)).

2.     Substantial evidence supports the BIA's conclusion that, on the record before the IJ, Espinoza failed to show that she faces persecution in Mexico on account of a protected ground. *See Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001) (stating that such a showing is required for a grant of asylum and withholding).

Espinoza testified that she and her family suffered mistreatment in Mexico by a gang because she "had a business and they came to extort [her] and [she] didn't want to pay them." Victimization for economic reasons does not establish persecution on account of a protected ground. *See Barrios v. Holder*, 581 F.3d 849, 855-56 (9th Cir. 2009).

3.      Substantial evidence also supports the BIA's conclusion that Espinoza failed to demonstrate eligibility for CAT relief. The evidence does not compel the conclusion that Espinoza would more likely than not face torture if she returned to Mexico. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).

**PETITION FOR REVIEW DENIED.**